UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Lueck, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Petitioner, )<br>vs. )<br>　　　　　　　　　　　　　　　　)<br>United States Bankruptcy Court, District of )<br>Nevada, *et al.*, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Respondents. )<br>　　　　　　　　　　　　　　　　) | Case No.: 2:21-cv-00114-GMN-NJK<br><br>**AMENDED ORDER**[1] |

Pending before the Court is the Petition for Writ of Mandamus, (ECF No. 1), filed by Petitioner Robert Lueck ("Petitioner"). Respondent United States Bankruptcy Court, District of Nevada and the Honorable Mike K. Nakagawa filed a Response, (ECF No. 33). Interested party Timothy Nelson also filed a Response, (ECF No. 15). Petitioner filed a Reply, (ECF No. 34).

For the reasons discussed below, Petitioner Lueck's Petition for Writ of Mandamus is **DENIED**.

**I.　BACKGROUND**

This case arises from the bankruptcy proceedings related to the probate estate of Ailene Hart. (*See generally*, Pet. Writ Mandamus, ECF No.1). Ms. Hart was the creator of the Nevada limited liability company, Hartland MMI, LLC, which managed the real estate assets related to the well-known Hart Mansion in Las Vegas. (*Id.* 2:12–17). After Ms. Hart's death in March 2014, a probate case was initiated in Nevada's Eighth Judicial District Court, which is still pending. Hartland MMI, LLC was listed as an asset in the probate estate. (*Id.* 2:26).

---

[1] This Order is amended only to include the Motion for Summary Disposition, (ECF No. 35), as denied as moot in the Conclusion.

In February 2017, the estate was forced to file for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Nevada (Case No. 17-10549-MKN), resulting in the sale of the mansion properties from Hartland MMI, LLC. (*Id.* 3:18–22).  After the Bankruptcy Court dismissed the Chapter 11 case, $382,849.96 remained in the trust account, which was intended to be used to make payments to the various attorneys in the probate case, including Petitioner. (*Id.* 3:22–24, 4:4–5, 4:18–19).  However, instead of paying attorney fees, Garry Hart, a co-executor to the probate estate, filed a second Chapter 11 case in Bankruptcy Court in May 2020 (Case No. 20-12409-MKN). (*Id.* 2:23–24, 4:6–11).

On June 17, 2020, Petitioner filed a Motion to Exclude Funds as Property of the Estate in the second bankruptcy case, which requested an order stating that the funds presently held in the trust account are not property of the debtor because the state court declared those funds to be an asset of the probate estate. (Mot. Exclude Funds 1:12–19, Ex. 1 to Pet. Writ Mandamus, ECF No. 1).  The Bankruptcy Court denied Petitioner's Motion, without prejudice, because the newly appointed Chapter 11 trustee, Timothy Nelson, would be required to investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, and thus, "adjudication of the Exclusion Motion is unwarranted at this time." (*See* Order 1:16–20, ECF No. 59 in Case No. 20-12409-MKN).  Petitioner subsequently filed a Motion to Dismiss, which remains pending. (*See* Mot. Dismiss, ECF No. 81 in Case No. 20-12409-MKN).  The parties in the second bankruptcy case agreed to continue the hearings on Petitioner's Motion to Dismiss, and other pending motions, until a settlement conference is held, which is currently scheduled for June 23, 2022. (Nelson Resp. 3:1–7, ECF No. 15); (Scheduling Order, ECF No. 105 in Case No. 20-12409-MKN); (Order Regarding Continued Settlement Conference, ECF No. 178 in Case No. 20-12409-MKN).

In his Motion to Dismiss, Petitioner argues that the second bankruptcy case should be dismissed because the bankruptcy court lacks jurisdiction over the property currently under the

control of the state probate court. (*Id.* 13:6–18:22) ("The probate exception precludes bankruptcy court in rem jurisdiction over the debtor."). In the present case, Petitioner asks the Court to order the Bankruptcy Court to dismiss the second bankruptcy case for the same reason. (Pet. Writ. Mandamus 1:15–21) ("The sole in-rem jurisdiction over the named debtor is vested exclusively in the probate court").

## II. DISCUSSION

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Kerr v. U.S. Dist. Ct. N. Dist. of Cal.*, 426 U.S. 394, 399, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976) (quoting 28 U.S.C. § 1651). Although district courts have "never confined themselves to an arbitrary and technical definition of jurisdiction, it is clear that only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Will v. United States*, 389 U.S. 90, 95, 88 S. Ct. 269, 19 L. Ed. 2d 305 (1967). Additionally, District Courts may obtain jurisdiction to issue a writ of mandamus through constitutional or statutory provisions. *Petrowski v. Nutt*, 161 F.2d 938, 938–39 (9th Cir. 1947). Issuance of a writ of mandamus to enforce performance is appropriate only when "there is no other adequate remedy." *Bd. of Comm'rs of Knox Cnty. v. Aspinwall*, 65 U.S. 376, 377, 16 L. Ed. 735 (1860). Courts also consider whether: (1) the party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; (5) the district court's order raises new and important problems, or issues of law of first impression. *Spencer v. United States Dist. Court*, 393 F.3d 867, 869 (9th Cir. 2004).

Here, Petitioner has not demonstrated that "exceptional circumstances" exist to "justify the invocation of this extraordinary remedy." *Will*, 389 U.S. at 95. Specifically, the issuance of a writ of mandamus in this case is not appropriate because several alternative remedies already exist. First, the Bankruptcy Court has not yet made a determination concerning its jurisdiction. Petitioner's Motion to Exclude was denied as premature, without prejudice and not on the merits. (*See* Order 1:16–20, ECF No. 59 in Case No. 20-12409-MKN). Additionally, Petitioner's Motion to Dismiss for lack of jurisdiction is *yet to be decided*. The Bankruptcy Court's decision on Petitioner's Motion to Dismiss may still result in the exact conclusion that Petitioner seeks: an order that the Bankruptcy Court lacks jurisdiction over property that the state court already declared as part of the probate estate. Second, if the Bankruptcy Court does not decide the Motion to Dismiss in Petitioner's favor, Petitioner has yet another avenue for relief: appeal. *Spencer*, 393 F.3d at 869 (considering whether the party seeking the writ has no other adequate means, "such as direct appeal,' when granting a writ). Petitioner has not explained why any error in the Bankruptcy Court's eventual determination of jurisdiction would not be correctable on appeal. As such, the Court denies the Petition for Writ of Mandamus because it is not appropriate to enforce the Bankruptcy Court's performance when other adequate remedies are available. *Aspinwall*, 65 U.S. at 377.[2]

//
//
//
//

---

[2] As noted above, court's also consider how the challenged court's order will negatively affect the petitioner and the state of the law in general. *Spencer v. United States Dist. Court*, 393 F.3d 867, 869 (9th Cir. 2004). However, in this case, Petitioner is not challenging an order from the Bankruptcy Court declaring that it has jurisdiction; the Bankruptcy Court has not released an order on its jurisdiction. Therefore, these considerations are not applicable here.

//
//
//

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Petition for Writ of Mandamus, (ECF No. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Compel Issuance of Writ of Mandamus, (ECF No. 26), and Petitioner's Motions for Summary Disposition of the Writ Petition, (ECF Nos. 31 and 35), are **DENIED as moot**.

The Clerk of Court shall close this case.

**DATED** this __11__ day of March, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT